DECISION
{¶ 1} On January 7, 1999, defendant-appellant, Justin Coleman, pled no contest to one count of attempted murder in case No. 99CR-78, and to one count of arson in case No. 98CR-4470 in the Franklin County Court of Common Pleas. The state and defense counsel jointly recommended a sentence of ten years on the attempted murder charge and five years on the arson charge, and recommended that each sentence be served consecutively. In accordance with this joint recommendation, the trial court so sentenced appellant. This resulted in imposition of a definite sentence of 15 years of imprisonment.
 {¶ 2} Thereafter, appellant appealed his convictions to this court, arguing the trial court erred in overruling his motion to suppress and his motion to dismiss, and that the trial court erred in "coercing" him into waiving his right to a speedy trial. This court overruled all three of appellant's assignments of error and affirmed the judgment of the trial court. See State v. Coleman (Jan. 20, 2000), Franklin App. No. 99AP-139.
 {¶ 3} On January 6, 2003, nearly three years after the release of this court's opinion in Coleman, supra, and four years after his no contest pleas were entered, appellant filed in the trial court a motion styled "Motion to Alter or Amend Judgment and Sentence and/or Motion to Withdraw Plea and/or Motion for New Trial." Therein, appellant argued that he should have received minimum sentences on both convictions, and the sentences should have run concurrently. He sought vacation or alteration of his judgment of sentence based on statutory and constitutional violations. In the alternative, he sought a new trial based upon his allegation of an "irregularity" in the trial court's sentencing proceedings. Also, in the alternative, appellant moved the court, pursuant to Crim.R. 32.1, for permission to withdraw his no contest pleas to correct a "manifest injustice." He stated that this "manifest injustice" is the trial court's imposition of maximum and consecutive sentences.
 {¶ 4} Because appellant's motion sought to void the judgment of sentence due to a constitutional violation, the trial court treated appellant's motion as one for post-conviction relief, pursuant to R.C.2953.21. The trial court found the motion had been untimely filed and, by entry journalized March 18, 2003, overruled appellant's motion on that ground.
 {¶ 5} In this appeal from the trial court's March 18, 2003 judgment entry, appellant assigns the following error:
The trial court erred in denying appellants [sic] pro se motion to withdraw no contest pleas and resentence appellant to minimum concurrent terms to correct a manifested [sic] injustice, contrary to state law, R.C. § 2929.14 (B, E) and the due process of the Fourteenth Amendment of the U.S. Constitution.
For the following reasons, we find no error and affirm the judgment of the trial court.
 {¶ 6} R.C. 2953.21 provides, in part:
(A)(1) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
(2) A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his sentence on the basis that his constitutional rights have been violated, such motion is a motion for postconviction relief as defined by R.C. 2953.21. State v.Reynolds (1997), 79 Ohio St.3d 158, 160. Like the motion in Reynolds, the first part of appellant's motion, despite its caption, meets the definition of a motion for postconviction relief set forth in R.C.2953.21(A)(1), because it (1) was filed subsequent to appellant's direct appeal, (2) claims a denial of constitutional rights, (3) seeks to render the judgment void, and (4) asks for vacation of the judgment of sentence. See id.
 {¶ 7} Because we agree with the trial court that the portion of appellant's motion seeking to vacate or amend his sentence was one for postconviction relief, we likewise agree with the trial court's conclusion that the same was untimely filed. Pursuant to R.C. 2953.21(A)(2), appellant was required to file his motion for postconviction relief within 180 days of the date upon which the trial transcript was filed with this court in State v. Coleman (Jan. 20, 2000), Franklin App. No. 99AP-139. The record reflects that appellant's motion was filed long after the expiration of that 180-day period. Thus, with respect to the portion of appellant's motion seeking to vacate or amend his sentence, it was untimely. A trial court's decision that a motion for postconviction relief is untimely renders unnecessary any further inquiry into its merits. State v. Beaver (1998), 131 Ohio App.3d 458; State ex rel.Kimbrough v. Greene, 98 Ohio St.3d 116, 2002-Ohio-7042.
 {¶ 8} R.C. 2953.23(A) provides that the trial court may nonetheless consider an untimely motion for postconviction relief if two enumerated circumstances apply. Specifically, that statute states:
(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
(1) Either of the following applies:
(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
(b) Subsequent to the period prescribed in division (A)(2) of section2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
Appellant herein did not assert that his untimely motion should have been considered pursuant to R.C. 2953.23(A). Thus, the trial court was, by the plain language of that section, not permitted to consider the merits of the portion of appellant's motion seeking to vacate or amend his sentence.
 {¶ 9} Appellant also sought, in the alternative, to withdraw his no contest pleas due to a "manifest injustice," to wit: the imposition of maximum and consecutive sentences without sufficient support in the record. The state argues that this, too, is essentially a motion for postconviction relief and is thus untimely. However, the Supreme Court of Ohio held in State v. Bush, 96 Ohio St.3d 235, 2002-Ohio-3993, that R.C.2953.21 and 2953.23 do not govern Crim.R. 32.1 postsentence motions to withdraw pleas. Id. at ¶ 1. In Bush, the court held that, "[g]iven that a postsentence Crim.R. 32.1 motion is not collateral but is filed in the underlying criminal case and that it targets withdrawal of a plea, it is not a `collateral challenge to the validity of the conviction orsentence.'" Id. at ¶ 13, citing R.C. 2953.21(J). (Emphasis sic.) Thus, the court held, postsentence motions to withdraw guilty or no contest pleas exist independent of postconviction relief petitions, and a criminal defendant may seek to withdraw a guilty or no contest plea after the imposition of sentence, pursuant to Crim.R. 32.1. Id. at ¶ 14. The court in Bush further noted that there is no particular timeliness requirement for Crim.R. 32.1 motions, pursuant to the plain language of that rule. Thus, while "`undue delay between the occurrence of the alleged cause for withdrawal of the guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion,'" there exists no particular temporal filing requirement applicable to all Crim.R. 32.1 motions. Id., citing State v. Smith (1967), 49 Ohio St.2d 261, paragraph one of the syllabus.
 {¶ 10} As noted earlier, appellant herein filed his Crim.R. 32.1 motion four years after entering his no contest pleas, and has provided no explanation for this long delay. This adversely affects his credibility and militates against granting the motion. However, appellant's attempt to withdraw his no contest pleas is unmeritorious because the "manifest injustice" that appellant claims supports his motion was created by appellant himself. The maximum, consecutive sentences imposed by the trial court and of which appellant now complains, were jointly recommended by the prosecution and appellant. Because the trial judge imposed precisely the same sentence jointly recommended by the prosecution and appellant himself, such imposition is not a "manifest injustice" supporting withdrawal of appellant's no contest pleas. Accordingly, the portion of appellant's motion requesting such withdrawal is without merit.
 {¶ 11} The state also argues that appellant's motion is barred by the doctrine of res judicata, since appellant did not raise issues regarding sentencing in his direct appeal. A sentence jointly recommended by the defendant and the prosecution in a criminal case, and imposed by the trial judge, is not reviewable on appeal. R.C. 2953.08(D). Thus, appellant could not have assigned as error in his direct appeal the trial court's imposition of maximum and consecutive sentences. As such, res judicata does not apply to bar this issue. However, as noted previously, appellant's Crim.R. 32.1 motion fails on its merits because appellant himself recommended the sentence that he claims constitutes the "manifest injustice."
 {¶ 12} Finally, appellant's alternative request for a new trial is also unmeritorious. R.C. 2945.79 provides, in pertinent part:
A new trial, after a verdict of conviction, may be granted on the application of the defendant for any of the following causes affecting materially his substantial rights:
(A) Irregularity in the proceedings of the court, jury, prosecuting attorney, or the witnesses for the state, or for any order of the court, or abuse of discretion by which the defendant was prevented from having a fair trial[.]
Appellant pled no contest to the charges of which he was convicted. Thus, he never had a trial. A criminal defendant may not move for a "new trial" when he never had a trial in the first instance. See State v.Taylor, Huron App. No. H-01-053; State v. Willis (Nov. 8, 1991), Miami App. No. 91CA-1; and Akron v. Darulis (Jan. 10, 1996), Summit App. No. 17246. The proper method for seeking a trial after one has pled no contest is to seek to withdraw one's plea. As discussed earlier, appellant has also attempted to withdraw his pleas, but has done so unsuccessfully.
 {¶ 13} For all of the foregoing reasons, we overrule appellant's assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Bryant and Lazarus, JJ., concur.