ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} This is an accelerated appeal. Defendant-appellant, Dwight Colthirst, pro se, appeals from the order of the Common Pleas Court denying his motion to withdraw his guilty plea. For the reasons that follow, we reverse.
 {¶ 2} In May 1996, Colthirst was indicted, with a co-defendant, for drug trafficking, drug abuse and possession of criminal tools. At his arraignment, Colthirst pled not guilty. On August 5, 1996, however, Colthirst pled guilty to drug abuse, a fourth degree felony, and the State nolled the other charges. The trial court sentenced him to six months incarceration. At the time of the plea hearing, Colthirst was a citizen of Jamaica.
 {¶ 3} On November 9, 2000, Colthirst filed a motion to withdraw his guilty plea, arguing that the trial judge had failed to advise him pursuant to R.C. 2943.031 that his guilty plea could result in deportation. Attached to his motion were (1) an unauthenticated copy of an "Order to Show Cause and Notice of Hearing" dated October 7, 1996 from the U.S. Department of Justice, Immigration and Naturalization Service, charging Colthirst with deportability as a result of his guilty plea; and (2) an unauthenticated copy of a decision dated July 9, 1997 by Immigration Judge James R. Fujimoto ordering that Colthirst be deported to Jamaica in light of the charges contained in the Order to Show Cause.
 {¶ 4} The trial court did not rule on Colthist's motion, so in January 2004, Colthirst filed a complaint for writ of mandamus in the Ohio Supreme Court, asking the court to compel the judge to rule on his motion. On February 9, 2004, the trial court denied Colthirst's motion to withdraw his guilty plea, ruling, without addressing the issue raised by Colthirst's motion, that "defendant made a knowing, intelligent, voluntary plea and there is no logical reason to now allow him to withdraw it."
 {¶ 5} In his first assignment of error, Colthirst asserts that the trial court abused its discretion in denying his motion.
 {¶ 6} R.C. 2943.031(A) provides that prior to accepting a guilty plea from a non-citizen, the court shall advise the defendant of the potentially adverse effects a criminal conviction may have on his or her citizenship status:
 {¶ 7} "* * * [P]rior to accepting a plea of guilty * * * to an indictment * * * charging a felony * * *, the court shall address the defendant personally, provide the following advisement to the defendant that shall be entered in the record of the court, and determine that the defendant understands the advisement:
 {¶ 8} "`If you are not a citizen of the United States you are hereby advised that conviction of the offense to which you are pleading guilty * * * may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.'"
 {¶ 9} R.C. 2943.031(D) provides a mechanism for a non-citizen defendant to withdraw his guilty plea if the trial court did not inform him of the possible consequences of his plea:
 {¶ 10} "Upon motion of the defendant, the court shall set aside the judgment and permit the defendant to withdraw a plea of guilty or no contest and enter a plea of not guilty or not guilty by reason of insanity, if, after the effective date of this section, the court fails to provide the defendant the advisement described in division (A) of this section, the advisement is required by that division, and the defendant shows that he is not a citizen of the United States and that the conviction of the offense to which he pleaded guilty or no contest may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."
 {¶ 11} The State concedes, and our review of the record confirms, that the trial court failed to properly advise Colthirst pursuant to R.C. 2943.031, thereby requiring that the trial court grant his motion to withdraw his plea.
 {¶ 12} The State argues that the trial court did not abuse its discretion in denying Colthirst's motion, however, because it was not timely filed. This court has generally recognized the principle that an unreasonable delay between the entering of the plea and the filing of the motion to vacate militates against granting the motion. State v. Tabbaa, Cuyahoga App. No. 81410, 2003-Ohio-299.[1] Here, Colthirst entered his plea in August 1996. The Order to Show Cause and Notice of Hearing was issued only two months later, on October 7, 1996, and the deportation order was issued less than one year later, on July 9, 1997. Colthirst did not file his motion to withdraw his guilty plea, however, until November 9, 2000 — more than four years after he entered his plea and three years after he received the notice of deportation.
 {¶ 13} Nevertheless, under the circumstances of this case, we do not find Colthirst's motion to be untimely filed. We note that Colthirst was incarcerated for much of the time between entering his plea and filing his motion: in August, 1996 he was sentenced to six months incarceration on the charge of drug abuse in this case, and in March 1998, he was sentenced to 12 months incarceration in Case No. CR-355847, in which he pled guilty to possession of drugs.
 {¶ 14} Moreover, we are troubled by the trial court's four-year delay in ruling on Colthirst's motion. The State contends that Colthirst has not demonstrated that he was prejudiced by the trial court's failure to give the required advisement because he is still living in the United States, despite the deportation order. See, e.g., State v. Guild (Jan. 13, 1994), Cuyahoga App. No. 63407 (there must be some showing of prejudicial effect caused by the trial court's failure to advise a defendant regarding possible deportation before a motion to vacate a guilty plea is granted.) We question, however, whether the trial court's delay in ruling on Colthirst's motion impacted any decision to stay the deportation order.
 {¶ 15} Accordingly, in light of the circumstances of this case, we hold that the trial court abused its discretion in denying Colthirst's motion to vacate his guilty plea.
 {¶ 16} Appellant's first assignment of error is therefore sustained.
 {¶ 17} In his second assignment of error, Colthirst contends that he was denied his right to effective assistance of counsel because counsel did not appeal his conviction in light of the trial court's failure to advise him, pursuant to R.C. 2943.031, of the possible adverse consequences on his immigration status as a result of his guilty plea.
 {¶ 18} We find this argument without merit. First, any evidence of Colthirst's non-citizen status is outside the record and, therefore, the issue could not properly have been raised on appeal. His trial counsel cannot be held ineffective, therefore, for not filing an appeal of an issue not properly raised on appeal.
 {¶ 19} Moreover, the remedy for an alleged violation of R.C.2943.031(A) is a motion to withdraw the plea pursuant to R.C.2943.031(D). Appeal lies from a decision on such a motion. Stateex rel. White v. Suster, Cuyahoga App. No. 83277, 2003-Ohio-4956, at ¶ 8. Colthirst has now availed himself of both the remedy and the appeal.
 {¶ 20} Appellant's second assignment of error is overruled.
Judgment reversed.
This cause is remanded for proceedings consistent with this opinion.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, P.J., and Rocco, J., Concur.
[1] Certification granted by State v. Tabbaa,98 Ohio St.3d 1561, 2003-Ohio-2242; discretionary appeal not allowed by Statev. Tabbaa (2003), 98 Ohio St.3d 1567; application granted, cause dismissed by State v. Tabbaa, 100 Ohio St.3d 1417,2003-Ohio-5098.