JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Ricardo Villafuerte ("Villafuerte"), appeals the denial of his motion to vacate his guilty plea. Finding no merit to the appeal, we affirm.
 {¶ 2} In January 1996, Villafuerte was charged with gross sexual imposition, felonious sexual penetration, and rape. Pursuant to a plea agreement, Villafuerte entered a guilty plea to gross sexual imposition in September 1996. The remaining charges were nolled. In October 1996, the trial court sentenced Villafuerte to 18 months in prison. The court suspended his prison term and ordered him to serve three years of probation.
 {¶ 3} Nearly eleven years later, Villafuerte moved to vacate his guilty plea in June 2007. The trial court conducted a hearing on his motion.[1] At the outset of the hearing, the court stated for the record that at Villafuerte's guilty plea hearing, the trial judge did not inquire about Villafuerte's status as a United States citizen. The parties stipulated to the following evidence.
 {¶ 4} On January 7, 1997, Villafuerte reported to probation and was detained by the Immigration and Naturalization Service ("INS"). At that time, he was served with an order to show cause and notice of hearing based upon his gross sexual imposition conviction. In November 1997, he was ordered to be deported to Ecuador based on his conviction. Villafuerte appealed this decision with the assistance of a second attorney. The Board of Immigration Appeals affirmed this decision in March 2002. Villafuerte's third attorney *Page 4 
moved for reconsideration of the Board's decision, which was denied in May 2002. Villafuerte then petitioned for habeas corpus in federal court, which was denied in September 2002.
 {¶ 5} After reviewing the evidence presented at the hearing, the trial court issued a journal entry in July 2007 denying Villafuerte's motion, finding that he failed to seek to withdraw his guilty plea in a timely fashion.
 {¶ 6} It is from this decision that Villafuerte appeals, raising one assignment of error for our review. He argues that the trial court erred when it denied his motion to vacate his guilty plea because at the time of his plea, the court failed to advise him under R.C. 2943.031(A) that his guilty plea may have the consequences of deportation, exclusion from the United States, or denial of naturalization.
 Standard of Review {¶ 7} We review motions to withdraw guilty pleas filed after a sentence has been issued under an abuse of discretion standard of review. State v. Francis, 104 Ohio St.3d 490, 2004-Ohio-6894,820 N.E.2d 355, ¶ 32. "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144. Advice as to Possible Deportationupon Guilty or No Contest Plea
 {¶ 8} Under R.C. 2943.031, a trial court is required to advise a noncitizen defendant of the possible consequences of a guilty plea. R.C. 2943.031 provides in pertinent part:
 "(A) * * * [P]rior to accepting a plea of guilty or a plea of no contest to an *Page 5 
indictment, information, or complaint charging a felony, * * * the court shall address the defendant personally, provide the following advisement to the defendant that shall be entered in the record of the court, and determine that the defendant understands the advisement:
 `If you are not a citizen of the United States you are hereby advised that conviction of the offense to which you are pleading guilty * * * may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.'
 * * * (D) Upon motion of the defendant, the court shall set aside the judgment and permit the defendant to withdraw a plea of guilty, * * * if, * * * the court fails to provide the defendant the advisement described in division (A) of this section, the advisement is required by that division, and the defendant shows that he is not a citizen of the United States and that the conviction of the offense to which he plead[ ] guilty * * * may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."
 {¶ 9} In Francis, the Ohio Supreme Court examined R.C. 2943.031 and held that during the plea, the failure to advise the defendant with the "verbatim" warning contained in R.C. 2943.031 is not error where substantial compliance is shown. Id. Substantial compliance denotes that under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving. State v.Nero (1990), 56 Ohio St.3d 106, 564 N.E.2d 474.
 {¶ 10} Villafuerte argues that the trial court failed to "substantially" comply with R.C. 2943.031(A) by not advising him that if he pled guilty, he could be deported, excluded from admission to the United States, or denied naturalization. As a result, he argues that under R.C. 2943.031(D), his gross sexual imposition conviction should be vacated.
 {¶ 11} The State acknowledges that the original trial judge failed to advise Villafuerte *Page 6 
as required by R.C. 2943.031 that he may be deported if he pled guilty. However, despite this failure, we find that the current trial judge did not err in denying Villafuerte's motion to vacate his guilty plea because of the ten-year delay between his being notified of deportation and his seeking to vacate his plea.
 {¶ 12} We note that the Francis court also held that the timeliness of the motion to vacate the guilty plea was an important factor when determining whether the trial court abused its discretion. With respect to timeliness, the court recognized that R.C. 2943.031 did not provide any time limitations within which to file a motion to withdraw. Id. at ¶ 37. Nevertheless, the court stated that:
 "The more time that passes between the defendant's plea and the filing of the motion to withdraw it, the more probable it is that evidence will become stale and that witnesses will be unavailable. The state has an interest in maintaining the finality of a conviction that has been considered a closed case for a long period of time. It is certainly reasonable to require a criminal defendant who seeks to withdraw a plea to do so in a timely fashion rather than delaying for an unreasonable length of time."
 {¶ 13} Moreover, this court has found that an unreasonable delay between the entering of the guilty plea and the filing of the motion to vacate militates against granting the motion. SeeState v. Tabbaa, 151 Ohio App.3d 353,2003-Ohio-299, 784 N.E.2d 143, discretionary appeal not allowed, 98 Ohio St.3d 1567, 2003-Ohio-2242,787 N.E.2d 1231; see, also, State v. Suleiman, Cuyahoga App. No. 83915, 2004-Ohio-4487.
 {¶ 14} In Tabbaa, the defendant moved to vacate his guilty plea more than eleven years after he pled guilty. In addressing the timeliness issue, this court recognized that R.C. 2943.031 does not have a time limit. We looked to the principles of statutory construction *Page 7 
for guidance and noted that:
 "`The General Assembly will not be presumed to have intended to enact a law producing unreasonable or absurd consequences. It is the duty of the courts, if the language of a statute fairly permits or unless restrained by the clear language thereof, so to construe the statute as to avoid such a result.'" Id., quoting State ex rel. Cooper v. Savord (1950), 153 Ohio St. 367, 92 N.E.2d 390, paragraph one of the syllabus.
 {¶ 15} We held in Tabbaa that, without any time limitation, "a defendant could wait until the state's evidence against him became stale, or witnesses died, or any other circumstances prejudicial to the state transpired, before seeking to withdraw a guilty plea, thereby imposing, among others, an unreasonable obligation on the state to maintain evidence and witness lists on all cases, ad infinitum. This cannot be within the contemplation of R.C. 2943.031, as we do not presume the General Assembly has intended to enact a law producing such unreasonable or absurd consequences."
 {¶ 16} In the instant case, Villafuerte entered his guilty plea in September 1996. He became aware of the deportation proceedings in January 1997 and was represented by counsel throughout his quest to challenge the deportation proceedings. However, he did not move to vacate his guilty plea until June 2007, which was almost eleven years after he was convicted and ten years after he became aware of the deportation proceedings. We find that this delay is unreasonable.
 {¶ 17} Villafuerte attempts to justify his delay by arguing that he was not aware that he could vacate his conviction until his wife learned of the remedy from his current counsel *Page 8 
in 2007.[2] However, there is no evidence in the record that Villafuerte did not know that he could challenge his guilty plea. There is also no evidence as to what his previous three attorneys may have advised or if they considered this possible remedy in light of the extensive efforts they made in federal court on his behalf.
 {¶ 18} Because Villafuerte's nearly eleven-year delay imposes an unreasonable obligation on the State to maintain evidence, and the State has an interest in maintaining the finality of a conviction, we find that the trial court did not abuse its discretion by denying Villafuerte's untimely motion to vacate his guilty plea.[3]
 {¶ 19} Accordingly, the sole assignment of error is overruled.
Judgment is affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence. *Page 9 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, A.J., and KENNETH A. ROCCO, J., CONCUR.
[1] Villafuerte did not attend the hearing because he was deported on December 7, 2002.
[2] Even after he was deported in 2002, Villafuerte's wife had legal representation throughout her attempts to reapply for his admission to the United States.
[3] illafuerte also argues the ineffective assistance of his counsel because he claims none of his attorneys over the past twelve years advised him that he should file a motion to vacate his plea. We decline to address this argument, because he failed to cite to any authority in support of this alleged error and the record contains no evidence on this issue. See App. R. 12(A) and 16(A). *Page 1