[Cite as *State v. Abukhalil*, 2012-Ohio-1639.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97129**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# FAED ABUKHALIL

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-434694

**BEFORE:**   Stewart, P.J., Sweeney, J., and Cooney, J.

**RELEASED AND JOURNALIZED:**   April 12, 2012

**ATTORNEYS FOR APPELLANT**

Kim K. Alabasi
5368 St. Clair Avenue
Cleveland, OH    44103

Wayne F. Benos
6675 Oakwood Drive
Independence, OH    44131


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY: Kristen L. Sobieski
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH    44113

MELODY J. STEWART, P.J.:

{¶1} Defendant-appellant, Faed Abukhalil, appeals from the trial court's denial of his emergency motion to withdraw guilty plea and vacate judgment from his conviction for criminal simulation. He also asserts that the trial court abused its discretion in denying his request for a hearing on the motion. For the following reasons, we affirm.

{¶2} Abukhalil, a noncitizen of the United States, was indicted for one felony count of criminal simulation in March 2003. The record reveals that in August 2003, he entered a guilty plea to an amended indictment that reduced the offense charged to a first degree misdemeanor, resulting in a suspended sentence and probation. In December 2003, the Immigration and Naturalization Services ("INS") commenced removal proceedings because Abukhalil had been convicted of two previous offenses in addition to this one. In April 2004, he was ordered to be removed from the country and placed under an order of supervision, but was allowed to remain free subject to conditions.

{¶3} On May 16, 2011, Abukhalil filed his emergency motion to withdraw guilty plea and vacate judgment pursuant to R.C. 2943.031(D), and attached a complete copy of the transcript of proceedings from his plea and sentencing hearing in August 2003 marked as exhibit "H." The case was assigned to the same judge who presided over the taking of the plea and subsequent sentencing. As grounds for his motion, Abukhalil asserted that he had been detained by immigration and customs enforcement officers for questioning and faced the threat of deportation at any moment. A journal entry dated June 10, 2011

indicates that the trial court ordered a "transcript of plea and sentence from August 12, 2003 at state's expense." On June 28, 2011, the state filed a brief in opposition to the emergency motion to withdraw the plea, and on July 8, 2011, the trial court denied Abukhalil's motion without a hearing. The court's journal entry does not indicate the reasons for its decision.

{¶4} Abukhalil first argues that because the court did not substantially comply with the requisite immigration advisements pursuant to R.C. 2943.031, he did not fully comprehend the potential deportation, exclusion, and denial of naturalization ramifications that the plea could have on his immigration status.

{¶5} An appellate court reviews the trial court's decision on a motion to withdraw a guilty plea pursuant to R.C. 2943.031(D) for an abuse of discretion. *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, ¶ 32.

{¶6} R.C. 2943.031(D) contains the statutory conditions that must be met for the trial court to set aside a judgment and permit withdrawal of a guilty plea, and provides, in pertinent part:

> Upon motion of the defendant, the court shall set aside the judgment and permit the defendant to withdraw a plea of guilty * * *, if, after the effective date of this section,[1] the court fails to provide the defendant the advisement described in division (A) of this section, the advisement is required by that division, and the defendant shows that he is not a citizen of the United States and that the conviction of the offense to which he pleaded guilty or no contest may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

---

[1]R.C. 2943.031 became effective October 2, 1989.

**{¶7}** While R.C. 2943.031 does not provide a time limitation for a defendant to file a motion to withdraw, a trial court is nevertheless required to consider the timeliness of an R.C. 2943.031(D) motion. *Francis* at ¶ 37-40. "[I]n some cases even a considerable delay in filing the motion to withdraw will not be a factor supporting denial of the motion, such as when the immigration-related consequences of the plea and resulting conviction did not become evident for some time after the plea was entered." *Id.* at ¶ 42. The *Francis* court went on to state that:

> The more time that passes between the defendant's plea and the filing of the motion to withdraw it, the more probable it is that evidence will become stale and that witnesses will be unavailable. The state has an interest in maintaining the finality of a conviction that has been considered a closed case for a long period of time. It is certainly reasonable to require a criminal defendant who seeks to withdraw a plea to do so in a timely fashion rather than delaying for an unreasonable length of time.

*Id.* at ¶ 40.

**{¶8}** R.C. 2943.031(A) states, in pertinent part:

> [T]he court shall address the defendant personally, provide the following advisement to the defendant that shall be entered in the record of the court, and determine that the defendant understands the advisement:

> If you are not a citizen of the United States, you are hereby advised that conviction of the offense to which you are pleading guilty * * * may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

*See, e.g., State v. Voskoboynikov*, 8th Dist. No. 92423, 2009-Ohio-4882, ¶ 32 ("[A]t the plea hearing, the trial court must advise the non-citizen defendant of three separate consequences that might result from a guilty plea: 1) deportation; 2) exclusion from

admission into the United States; and 3) denial of naturalization.") The statutory advisement is not required to be given unless the record affirmatively establishes by affidavit or other documentation that a defendant is not a United States citizen. *Cleveland Hts. v. Roland*, 8th Dist. No. 96529, 2012-Ohio-170, ¶ 13.

{¶9} If a trial court has not substantially complied with R.C. 2943.031(A), a defendant is required to show that prejudice resulted from the lack of compliance. *State v. Tejeda*, 8th Dist. No. 96518, 2011-Ohio-4960, ¶ 9. The test for prejudice due to the lack of compliance is "whether the plea would have otherwise been made." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

> [I]f some warning of immigration-related consequences was given at the time a non-citizen defendant's plea was accepted, but the warning was not a verbatim recital of the language in R.C. 2943.031(A), a trial court considering the defendant's motion to withdraw the plea under R.C. 2943.031(D) must exercise its discretion in determining whether the trial court that accepted the plea substantially complied with R.C. 2943.031(A).

*Francis,* 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, at ¶ 48. Substantial compliance is met when "under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Tejeda* at ¶ 9.

{¶10} After Abukhalil was indicted, journal entries indicate that he was required to surrender his passport, his green card, and was also ordered to provide the trial court with "immigration services/homeland security information" to meet the conditions of his bond. At his plea and sentencing hearing, the trial court inquired of Abukhalil if he was a United States citizen, and he responded that he was not. The above documents combined

with Abukhalil's response confirm that the trial court was aware that he was not a citizen of the United States, and therefore the advisement described in the statute was required.

{¶11} Abukhalil establishes the possibility of deportation with an affidavit and exhibits attached to his motion. The record contains a document from INS addressed to Abukhalil stating that: "[y]ou are deportable for the reasons stated below * * * [o]n the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provisions of law * * *." In his affidavit, Abukhalil alleges that "he was ordered removed/deported from the United States on April 12, 2004."

{¶12} The trial court's complete advisement to Abukhalil concerning potential consequences of deportation, exclusion of United States admission, or denial of naturalization consisted of a single question: "Since you are not a United States citizen, do you further understand that your plea of guilty to this case will be reported to INS?" Abukhalil responded affirmatively and, shortly thereafter, entered a plea of guilty.

{¶13} In *Voskoboynikov*, 8th Dist. No. 92423, 2009-Ohio-4882, "the trial court informed appellant that he 'could' be 'sanctioned' by the immigration authorities 'up to' possible 'deportation.' In spite of the statute's mandate, no other consequence was stated." *Id.* at ¶ 33. This court found the advisement to be "insufficient for purposes of the statute." *Id.* at ¶ 34.

{¶14} In *State v. Oluch*, 10th Dist. No. 10AP-1038, 2011-Ohio-3998, ¶ 17, "[d]uring the plea colloquy, the trial court informed defendant only 'that by pleading guilty, this could jeopardize [his] status here in this country.'" *Id.* at ¶ 17, quoting *State*

*v. Ouch*, 10th Dist. No. 06AP-488, 2006-Ohio-6949, ¶ 14. The reviewing court ruled that by sustaining the defendant's motion to withdraw his guilty plea, "the trial court did not abuse its discretion in determining defendant did not subjectively understand all of the consequences of his guilty pleas and would not have entered the pleas had the trial court properly advised him." *Id*. at ¶ 22.

{¶15} In *State v. Contreras*, 6th Dist. No. H-10-024, 2011-Ohio-4736, ¶ 16, the court stated that because the "trial court made little or no mention of the R.C. 2943.031 factors * * * we can only reason that the court did not consider any of the other [except for timeliness] statutory factors set forth in R.C. 2943.031. The failure to consider all the factors is contrary to the Supreme Court's ruling in *Francis*."

{¶16} In the instant case, the trial court's advisement did not substantially comply with R.C. 2943.031(A). Nevertheless, we find the motion that Abukhalil filed to withdraw his guilty plea to be untimely.

{¶17} In *State v. Villafuerte*, 8th Dist. No. 90367, 2008-Ohio-5587, the defendant entered a guilty plea and became aware of deportation proceedings that were initiated against him approximately four months later. The defendant delayed in moving to vacate his guilty plea for "almost eleven years after he was convicted and ten years after he became aware of the deportation proceedings." *Villafuerte* at ¶ 16. This court found the delay in filing his motion to vacate to be untimely and unreasonable because it imposed "an unreasonable obligation on the State to maintain evidence, and the State [had] an interest in maintaining the finality of a conviction * * *." *Id.* at ¶ 18.

{¶18} In the instant case, in August 2003, Abukhalil was immediately detained by Immigration and Customs Enforcement after entering his guilty plea. Four months later, a hearing was held where removal proceedings were commenced against him. A second hearing was held by INS five months later, and Abukhalil was ordered to be removed from the United States, but placed under supervision. He filed his emergency motion to withdraw guilty plea in May 2011, almost eight years after he became aware of deportation proceedings.

{¶19} Irrespective of whether Abukhalil had a subjective understanding of the implications of his plea, or that the trial court's advisement did not substantially comply with R.C. 2943.031(A), it is apparent that Abukhalil knew of immigration-related consequences immediately after he entered the plea and was detained and issued a notice to appear before the INS. In his affidavit attached to his motion to withdraw his plea, Abukhalil concedes that "he did not understand the immigration consequences of his plea until he was ordered removed/deported from the United States on April 12, 2004," approximately eight months after entering the plea. Nevertheless, he still waited more than seven years before he filed his motion to withdraw his plea, and Abukhalil has provided no explanation for this long delay. We find that Abukhalil's delay in filing his motion to withdraw was unreasonable and untimely in light of these facts. His first assignment of error is, accordingly, overruled.

{¶20} For his second assignment of error, Abukhalil challenges the denial of his motion to withdraw plea and vacate conviction pursuant to Crim.R. 32.1.

**{¶21}** A court may permit a criminal defendant to withdraw a plea after the imposition of sentence to correct manifest injustice. Crim.R. 32.1. While Crim.R. 32.1 does not set a time limitation for filing a motion to withdraw a plea, "undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, ¶ 14, citing *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph three of the syllabus; *see also State v. Gaston*, 8th Dist. No. 82628, 2003-Ohio-5825, ¶ 6 ("undue delay" is a factor to be assessed in determining whether to grant a Crim.R. 32.1 motion). "[T]imeliness of the motion will be of different importance in each case, depending on the specific facts." *State v. Sibai*, 8th Dist. No. 84407, 2005-Ohio-2730, ¶ 8, citing *Francis*, 104 Ohio St.3d 490, 498, 2004-Ohio-6894, 820 N.E.2d 355.

**{¶22}** In *Sibai*, the appellant did not file a motion to withdraw his plea for over nine years after entering his plea, but did file the motion approximately 12 to 18 months upon receiving notification that he was to be deported. *Id.* at ¶ 10. This court found that "[u]nder these circumstances, 'where the immigration-related consequences of the plea and resulting conviction did not become evident for some time after the plea was entered,' we do not conclude that the mere fact over nine years has elapsed from the date of his plea to constitute grounds for denying his motion to vacate." Id. at ¶ 12. *See also State v. Colthirst*, 8th Dist. No. 84286, 2004-Ohio-6118 (motion to withdraw filed three

years after receiving notice of deportation not untimely filed because the defendant was incarcerated for much of the time between entering the plea and filing the motion); *but see State v. Coleman*, 10th Dist. Nos. 03AP-219 and 03AP-220, 2003-Ohio-7234 (Crim.R. 32.1 motion filed four years after entering plea with no explanation for long delay adversely affects credibility and militates against granting the motion).

{¶23} Again, Abukhalil's failure to provide any reason to explain the delay in filing the motion to withdraw his plea precludes the relief that he requests pursuant to Crim.R. 32.1.

{¶24} Abukhalil argues thirdly that the court erred in denying his motion to withdraw his plea by not following the Supreme Court's mandate in *Padilla v. Kentucky,* 559 U.S. ___, 130 S.Ct. 1473, 1483, 176 L.Ed.2d 284 (2010). He contends that *Padilla* stands for the proposition that failure of counsel to advise a non-citizen client of immigration-related consequences of a guilty plea provides an independent basis for withdrawing his plea because it constitutes a violation of his Sixth Amendment right to counsel. However, Abukhalil's constitutional analysis is misplaced in this instance.

{¶25} *Padilla* involved a defense attorney who gave *Padilla* "false assurance that his conviction would not result in his removal from this country." *Padilla* at 1483. Abukhalil does not assert that he was misinformed by his trial counsel, so *Padilla* has negligible application under the circumstances presented because it pertains to an ineffective assistance of counsel analysis. Here, the relevant facts that are dispositive of this appeal involve the untimeliness of Abukhalil's motion to withdraw.

{¶26} In *State v. Bains*, 8th Dist. No. 94330, 2010-Ohio-5143, a non-citizen appellant complained that he was entitled to withdraw his guilty plea due to ineffective assistance of counsel. This court, while referencing *Padilla* in its analysis, recognized that the movant became aware of deportation proceedings six years prior to filing the motion to withdraw his guilty plea. While this court recognized the propositions of *Padilla*, we nonetheless found that the defendant's motion was untimely. *Id.* at ¶ 29. Abukhalil's third assignment of error is overruled.

{¶27} In his final assigned error, Abukhalil complains that it was an abuse of discretion to deny his motion to withdraw without a hearing as requested. The decision whether to hold a hearing or to explain reasons for a ruling on a motion to withdraw a plea "are matters entrusted to the sound discretion of the trial court." *Francis,* 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, at ¶ 56. "[U]nless it is clear that denial of the motion is warranted, a trial court should hold a hearing." *Id.* at ¶ 51, citing *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992), paragraph one of the syllabus. "Sometimes, the record will reveal the reasons for denial with sufficient clarity to show that it was not error to fail to hold a hearing or to specify the reasons for denial." *Id*. at ¶ 56.

{¶28} In this instance, the record indicates that Abukhalil never addressed in his motion, his affidavit, or his appellate brief the above-mentioned timeliness issue that militates against withdrawing the plea. Therefore, the trial court did not abuse its

discretion by not conducting a hearing. Abukhalil's fourth assignment is not well taken and is overruled.

{¶29} Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____

MELODY J. STEWART, PRESIDING JUDGE

JAMES J. SWEENEY, J., and
COLLEEN CONWAY COONEY, J., CONCUR