[Cite as *State v. Akbari*, 2013-Ohio-5709.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 13AP-319 |
| v. | : | (C.P.C. No. 08CR-08-6223) |
| Farzad Akbari, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 24, 2013

*Ron O'Brien*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee.

*Muchnicki & Bittner, LLP*, and *Brandon W. Puckett*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

KLATT, P.J.

{¶ 1} Defendant-appellant, Farzad Akbari, appeals from a judgment of the Franklin County Court of Common Pleas denying his postsentence motion to withdraw guilty plea. Because the trial court did not abuse its discretion, we affirm that judgment.

I. **Factual and Procedural Background**

{¶ 2} On August 26, 2008, a Franklin County Grand Jury indicted appellant with one count of possession of cocaine, a fifth-degree felony. Appellant initially entered a not guilty plea to the charge. On June 3, 2009, appellant withdrew that plea and entered a guilty plea to one count of possession of cocaine. The trial court accepted appellant's

guilty plea, found him guilty, and sentenced him accordingly. Appellant did not appeal his conviction or sentence.

{¶ 3} On December 12, 2012, however, appellant filed a motion to withdraw his guilty plea. Appellant alleged that he should be allowed to withdraw his plea pursuant to the United States Supreme Court's 2010 decision in *Padilla v. Kentucky*, 559 U.S. 356, (2010) and because his plea was not made knowingly, voluntarily, and intelligently because of mental health issues. Without a hearing, the trial court denied appellant's motion. In its decision, the trial court first noted that *Padilla* did not apply retroactively to appellant's case.[1] Second, the trial court also found that manifest injustice did not support granting appellant's motion to withdraw. The trial court specifically rejected appellant's claim that he did not enter his plea knowingly, voluntarily, and intelligently because of mental health problems. The trial court noted that its plea colloquy with appellant established that his plea was made knowingly, voluntarily, and intelligently, and that his responses to the questioning indicated that he understood what he was doing at the plea hearing and that he understood the consequences of his plea. The trial court also pointed out that appellant's delay of 3 1/2 years in filing his motion strongly militated against granting the motion.

## II. The Appeal

{¶ 4} Appellant appeals and assigns the following errors:

> 1. The trial court erred by not vacating Defendant's guilty plea to correct manifest injustice pursuant to Ohio Criminal Rule 32.1 where defendant did not knowingly, intelligently, and voluntarily enter his plea because he suffered psychotic depression.
>
> 2. The trial court erred by finding Defendant's delay in submitting his Motion to Vacate strongly militated against granting the motion.

{¶ 5} Appellant's two assignments of error both address the trial court's decision to deny his motion to withdraw.

---

[1] *See Chaidez v. United States*, ___ U.S. ___, 133 S.Ct. 1103 (2013). Appellant has not pursued this argument on appeal.

### A.  Standard of Review

{¶ 6}  Crim.R. 32.1 permits a motion to withdraw a guilty plea "only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Manifest injustice relates to some fundamental flaw in the proceedings which results in a miscarriage of justice or is inconsistent with the demands of due process.  *State v. Chandler,* 10th Dist. No. 13AP-452, 2013-Ohio-4671, ¶ 6.  Manifest injustice " 'is an extremely high standard, which permits a defendant to withdraw his guilty plea only in extraordinary cases.' "  *State v. Tabor,* 10th Dist. No. 08AP-1066, 2009-Ohio-2657, ¶ 6, quoting *State v. Price,* 4th Dist. No. 07CA47, 2008-Ohio-3583, ¶ 11.  A defendant seeking to withdraw a guilty plea following imposition of sentence bears the burden of establishing manifest injustice with specific facts either contained in the record or supplied through affidavits submitted with the motion.  *State v. Garcia,* 10th Dist. No. 08AP-224, 2008-Ohio-6421, ¶ 11, citing *State v. Gegia*, 157 Ohio App.3d 112, 2004-Ohio-2124 (9th Dist.).

{¶ 7}  The decision whether to grant or deny a motion to withdraw is left to the discretion of the trial court.  *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph two of the syllabus; *Chandler* at ¶ 8.  Therefore, this court's review of the trial court's denial of a post-sentence motion to withdraw a guilty plea is limited to a determination of whether the trial court abused its discretion.  *State v. Conteh,* 10th Dist. No. 09AP-490, 2009-Ohio-6780, ¶ 16.  Absent an abuse of discretion on the part of the trial court, its decisions concerning a post-sentence motion to withdraw guilty plea must be affirmed.  *State v. Xie,* 62 Ohio St.3d 521, 527 (1992).  Although an abuse of discretion is typically defined as an unreasonable, arbitrary, or unconscionable decision, *State v. Beavers,* 10th Dist. No. 11AP-1064, 2012-Ohio-3654, ¶ 8, we note that no court has the authority, within its discretion, to commit an error of law.  *State v. Beechler,* 2d Dist. No. 09-CA-54, 2010-Ohio-1900, ¶ 70.

### B. Appellant's First Assignment of Error—Was his Plea Entered Knowingly, Voluntarily and Intelligently?

{¶ 8}  Appellant contends that he established a manifest injustice for the withdrawal of his guilty plea because his plea was not entered knowingly, voluntarily, and

intelligently. He argues that the trial court did not ensure that he understood the consequences of his plea because the court was on notice of his mental health issues, but did not question him about those issues. We disagree.

{¶ 9} A guilty plea that is not entered knowingly, intelligently, or voluntarily, creates a manifest injustice that would entitle a defendant to withdraw a guilty plea. *State v. Williams*, 10th Dist. No. 03AP-1214, 2004-Ohio-6123, ¶ 5, 9. To help ensure that guilty pleas are knowingly, intelligently, and voluntarily made, Crim.R. 11(C) sets forth specific requirements for a trial judge to follow when accepting a guilty plea. *State v. Owens*, 181 Ohio App.3d 725, 2009-Ohio-1508, ¶ 45 (7th Dist.). The transcript of appellant's plea hearing reveals that the trial court fully complied with the requirements of Crim.R. 11(C) before it accepted appellant's guilty plea. The trial court strictly advised him of the constitutional rights he waived as a result of his guilty plea, the nature of the charge against him, the possible penalties he could face and the effect of his guilty plea. As noted, the trial court specifically told appellant about possible immigration consequences as a result of the plea and noted that trial counsel had discussed those consequences. (Tr. 6-7.)

{¶ 10} Appellant argues that his mental health issues caused him to not subjectively understand the effect of his guilty plea. Because this is a nonconstitutional element of the Crim.R. 11(C) requirements, we must determine whether, under the totality of the circumstances, appellant subjectively understood the consequences of his plea. *See State v. Nero*, 56 Ohio St. 3d 106, 108 (1990) (only requiring substantial compliance with nonconstitutional requirements of rule, which means that under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving); *State v. Franks*, 10th Dist. No. 04AP-362, 2005-Ohio-462, ¶ 8. Here, the trial court advised appellant about a number of consequences that could occur from his guilty plea, including immigration consequences. Appellant's answers to those questions do not indicate any confusion about the guilty plea he entered or the possible effects of the plea. Additionally, the "Entry of Guilty Plea" that he signed on the day of his plea hearing indicates that he understood his guilty plea and its effects.

{¶ 11} Appellant argues that the trial court should have questioned him about his mental health status after trial counsel mentioned appellant's mental health. We

disagree. A trial court is not required to specifically ask about a defendant's physical or mental health status before accepting a guilty plea. *State v. Boyce*, 11th Dist. No. 2005-P-0021, 2007-Ohio-4379, ¶ 18. Trial counsel only told the court at the plea hearing that "[appellant]'s been battling with depression these past several years and, unfortunately, instead of seeking professional help perhaps tried to self-medicate. I think he certainly knows that's not the way to go. He needs to seek professional help." (Tr. 9.) This statement was insufficient to put the trial court on notice of mental health issues that would have affected appellant's ability to understand the consequences of his plea at that time.[2] Further, appellant did not engage in any irrational or questionable behavior during the plea hearing. There is simply nothing in this record that would have alerted the trial court during the plea hearing that it should inquire about appellant's mental health or that such issues could affect appellant's understanding of the consequences of his guilty plea. *See State v. Hackathorn*, 11th Dist. No. 2004-A-0008, 2004-Ohio-6694, ¶ 20 (defendant who enters a plea of guilty is not entitled to a subsequent competency hearing when the record does not contain a sufficient indicia of incompetence). Therefore, the trial court did not err by not questioning appellant about his mental health status during the plea hearing.

{¶ 12} Because appellant entered his guilty plea knowingly, voluntarily, and intelligently, and with the full knowledge and understanding of the consequences of his plea, he has failed to establish that withdrawal of a guilty plea is necessary to correct manifest injustice. *Franks* at ¶ 18, citing *State v. Honaker,* 10th Dist. No. 04AP-146, 2004-Ohio-6256, ¶ 16. Accordingly, we overrule appellant's first assignment of error.

## C. Appellant's Second Assignment of Error—Delay in Filing his Motion

{¶ 13} Appellant also contends that the trial court erred by finding that 3 1/2 years was an undue delay that militated against granting his motion. We disagree.

{¶ 14} As appellant concedes, an " 'undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the

---

[2] Similarly, the affidavit appellant presented in support of his motion contains allegations about his mental health status which were not presented to the trial court during his plea hearing.

granting of the motion.' " *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, ¶ 14, quoting *Smith* at paragraph three of the syllabus.

{¶ 15} Appellant entered his guilty plea on June 3, 2009 and did not file his motion to withdraw until December 12, 2012, 3 1/2 years later. This is the delay the trial court considered in its decision. Appellant argues that the delay in filing his motion should not start to run from the day he entered his plea because the "occurrence of the alleged cause for withdrawal" happened in March 2012 when he learned that he would be deported as a result of his plea. Therefore, he argues that the delay in filing his motion was only nine months. We disagree.

{¶ 16} On June 3, 2009, the day appellant entered his guilty plea, the trial court advised him that "because you are not a citizen of the United States, that there may be the consequence of your being deported, being excluded from admission to the U.S. or being denied naturalization as a citizen." (Tr. 6.) Appellant answered that he understood that fact. Additionally, trial counsel noted at the plea hearing that appellant "obviously has worse potential consequences coming up. He's been here for the past 30 years with little or no record, and I think he is at this point just praying to stay." (Tr. 9.) Appellant then received a "Notice to Appear" from the U.S. Department of Homeland Security dated June 4, 2009 which notified him that he was subject to removal from the country because of this conviction. The trial court did not err when it calculated appellant's delay in filing his motion based upon when appellant learned that deportation was a possible consequence of his guilty plea, and not when he subsequently learned that he would actually be deported. *State v. Garcia*, 10th Dist. No. 08AP-224, 2008-Ohio-6421, ¶ 15 (delay begins from time defendant learned of possible deportation consequence at plea hearing and after receiving notice of hearing from federal government); *State v. Abukhalil*, 8th Dist. No. 97129, 2012-Ohio-1639, ¶ 17-19, citing *State v. Villafuerte*, 8th Dist. No. 90367, 2008-Ohio-5587, ¶ 16 (delay runs from time defendant learns of deportation as a possible consequence); *State v. Pineda*, 8th Dist. No. 86116, 2005-Ohio-6386, ¶ 30 (delay runs from notice of deportation, not when actually deported). We overrule appellant's second assignment of error.

### III. Conclusion

{¶ 17} The trial court did not abuse its discretion by denying appellant's motion to withdraw guilty plea.  Accordingly, we overrule appellant's two assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK and CONNOR, JJ., concur.

_____