OPINION
{¶ 1} Appellant, Gabriel Boyce, appeals from the October 16, 2003 judgment entry of the Portage County Court of Common Pleas, in which he was sentenced for rape.
 {¶ 2} On June 12, 2003, appellant was indicted by the Portage County Grand Jury on six counts: counts one through four, rape, felonies of the first degree, in violation of R.C. 2907.02(A)(1)(b) and (B); and counts five and six, gross sexual imposition, felonies of the third degree, in violation of R.C. 2907.05(A)(4) and (B). Appellant entered a plea of not guilty at his arraignment on June 23, 2003. *Page 2 
 {¶ 3} A change-of-plea hearing was held on August 11, 2003. Appellant withdrew his former "not guilty" plea, and entered oral and written pleas of "guilty" to counts one and two. On August 14, 2003, the trial court accepted appellant's guilty plea with respect to counts one and two, and entered a nolle prosequi on the remaining four counts. The state and defense agreed to a joint sentencing recommendation of eight years on each count, to run concurrently. After accepting appellant's plea, the trial court deferred sentencing in order for appellant could undergo a sexual offender evaluation.
 {¶ 4} On October 14, 2003, the trial court held a joint sentencing and sexual offender hearing. During the hearing, the state requested appellant be designated a sexually oriented offender. Defense counsel stipulated to the designation on behalf of appellant. In light of the parties' agreement regarding appellant's status, the trial court designated appellant a sexually oriented offender. Then, pursuant to the joint sentencing recommendation, the trial court sentenced appellant to eight years on each of the two rape counts, to run concurrently with each other, with one hundred twenty-seven days credit, and ordered him to pay court costs.
 {¶ 5} On March 25, 2005, appellant filed a motion for leave to file a delayed appeal. On July 28, 2005, this court granted his motion. It is from the foregoing October 16, 2003 judgment entry that appellant asserts the following two assignments of error:
 {¶ 6} "[1.] The trial court [erred] in accepting [appellant's] pleas of guilty as such were not done knowingly, intelligently, and voluntarily.
 {¶ 7} "[2.] Appellant was denied the effective assistance of counsel, contrary to his rights guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I, of the Ohio Constitution." *Page 3 
 {¶ 8} In his first assignment of error, appellant argues that the trial court erred in accepting his guilty plea because it was not knowingly, intelligently, or voluntarily made. He alleges that he suffered from mental illness and was not aware of what was actually transpiring when he entered his plea.
 {¶ 9} Crim.R. 11(C)(2) addresses the requirements for guilty pleas and provides: "[i]n felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 10} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 11} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 12} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 13} "[A] defendant, who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made, must demonstrate a prejudicial effect of which the test is whether the plea would have otherwise been made." State v. Scarnati *Page 4 
(Feb. 22, 2002), 11th Dist. No. 2001-P-0063, 2002-Ohio-711, 2002 Ohio App. LEXIS 776, *12, citing State v. Nero (1990), 56 Ohio St.3d 106,107-108.
 {¶ 14} The Supreme Court of Ohio, in State v. Griggs,103 Ohio St.3d 85, 2004-Ohio-4415, syllabus, stated that: "[a] defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that he has completely admitted his guilt. In such circumstances, a court's failure to inform the defendant of the effect of his guilty plea as required by Crim.R. 11 is presumed not to be prejudicial."
 {¶ 15} In the instant matter, appellant's written plea of guilty, signed by him and his counsel, shows that he was advised of his rights and that he agreed to waive them. It specifically provides:
 {¶ 16} "* * * I have been informed by my Attorney and by the Judge, and I understand the nature of the charge(s) to which I am pleading guilty[.] * * * I have been informed * * * of the effect of my guilty plea and its consequences, and I understand them[.] * * * I have been informed * * * that by pleading guilty I waive [my] Constitutional Rights, and I understand these rights and it is my intention to waive them[.] * * * That I have been fully advised by my Attorney of the Criminal Rule 11(F) plea negotiations which have also been stated in open Court and I accept those negotiations as my own. * * * That no promises or threats have been made to me by anyone to secure my guilty plea in this case, nor have I been coerced in any way by any person to plead guilty. * * * That I have either read this Written Plea of Guilty or it has been read to me and I understand it, and that I wish to waive all of the rights set forth herein and voluntarily plead GUILTY to the charge(s) * * *."
 {¶ 17} In addition, a review of the transcript from the change of plea hearing shows that the trial court engaged in the requisite Crim.R. 11 colloquy and appellant *Page 5 
understood the nature of the charges against him. The trial court's dialogue with appellant was thorough and, by all indications, appellant, who was represented by counsel, understood the implications of his plea and the rights he was waiving. Before accepting appellant's guilty plea, the trial court determined that appellant made his guilty plea voluntarily, and that he understood the nature of the charges against him and of the maximum penalty involved. Crim.R. 11(C)(2)(a). The trial court informed appellant of the effects of pleading guilty; determined that he understood these effects; and advised appellant that it could proceed with judgment and sentence. Crim.R. 11(C)(2)(b). Also, the trial court informed appellant and determined that he understood that by pleading guilty he was waiving his constitutional rights. Crim.R. 11(C)(2)(c).
 {¶ 18} With this as a backdrop, we emphasize that an appellant bears the burden of demonstrating that he is incompetent. See State v.Filiaggi, 86 Ohio St.3d 230, 236, 1999-Ohio-99. Moreover, a trial court "is not required to specifically query a defendant's physical or mental status before accepting [a guilty] plea." State v. Greenleaf, 11th Dist. No. 2005-P-0017, 2006-Ohio-4317, at ¶ 56. (Emphasis sic.)
 {¶ 19} In an effort to meet his burden, appellant directs this court's attention to a pre-sentence psychological evaluation report which was not made part of the record, unnamed witnesses, and unidentified records of the "investigation authorities, the Portage County jail, and department of Rehabilitation and Correction[.]" None the items or persons to which appellant alludes affirmatively shows his mental incompetence.
 {¶ 20} Further, the record does not indicate appellant engaged in any irrational or otherwise questionable behavior during the plea hearing. Accordingly, there is no evidence that the court or his counsel should have had any doubts as to his *Page 6 
competency at the time his plea was entered. In short, appellant has failed to demonstrate that he was mentally incompetent.
 {¶ 21} Appellant's blank, conclusory assertion that he was mentally incompetent to enter a knowing, intelligent, and voluntary plea has no merit. Thus, the trial court did not err by accepting appellant's guilty plea.
 {¶ 22} Appellant's first assignment of error is without merit.
 {¶ 23} In his second assignment of error, appellant alleges that he was denied the effective assistance of counsel, contrary to his rights as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I, of the Ohio Constitution. He contends that his trial counsel was ineffective in failing to properly address the issue of his competence to enter a plea.
 {¶ 24} Strickland v. Washington (1984), 466 U.S. 668, 687 states:
 {¶ 25} "[a] convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction * * * has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction * * * resulted from a breakdown in the adversary process that renders the result unreliable."
 {¶ 26} "* * * When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below *Page 7 
an objective standard of reasonableness." Id. at 687-688. State v.Bradley (1989), 42 Ohio St.3d 136, 142, quoting Strickland, supra, at 694, states: "[t]o warrant reversal, `(t)he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'"
 {¶ 27} In the case at bar, as previously addressed, the record does not establish that appellant suffered from mental health issues which would render his plea unknowing, involuntary, or unintelligent. Appellant did not exhibit any patent, observable behavioral or psychological deficits. Defense counsel cannot be required to raise an issue of mental health when there is no indication in the record of any mental health issues. As such, counsel's failure to explore the issue of appellant's competency, was not unreasonable. Thus, based onStrickland, appellant has failed to demonstrate that his counsel was deficient, or that such deficiency resulted in prejudice to him.
 {¶ 28} Notwithstanding the foregoing conclusions, we recognize that the unadmitted pre-sentence psychological evaluation may have provided some insight into appellant's mental health; however, in the context of the proceedings below, the report was ordered for purposes of determining whether appellant should be classified as a sexual predator. After assessing the conclusions set forth in the report, the state recommended that appellant be labeled a sexually oriented offender. Defense counsel subsequently stipulated to the same. Defense counsel's stipulation to this label was clearly reasonable and in no way prejudiced appellant. Had defense counsel objected to the state's recommendation, appellant would have been subject to the harsher sexual *Page 8 
predator label. In effect, appellant gained a benefit from the state's recommendation and defense counsel's stipulation. The report served its ostensible purpose and defense counsel's failure to move to have the document admitted had no negative impact upon appellant.
 {¶ 29} Appellant has not shown, pursuant to Bradley, that but for his counsel's claimed unprofessional error, the result of the proceeding would have been different.
 {¶ 30} Appellant's second assignment of error is without merit.
 {¶ 31} For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Portage County Court of Common Pleas is affirmed.
MARY JANE TRAPP, J., concurs,
COLLEEN MARY OTOOLE, J., dissents with Dissenting Opinion.