[Cite as *State v. Basile*, 2022-Ohio-3372.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

- v -

ANGELO F. BASILE,

Defendant-Appellant.

CASE NOS. 2021-L-080
2021-L-081
2021-L-082
2021-L-083

Criminal Appeals from the
Court of Common Pleas

Trial Court Nos. 2021 CR 000528
2021 CR 000556
2021 CR 000574
2021 CR 000700

**O P I N I O N**

Decided: September 26, 2022
Judgment: Affirmed, modified, and affirmed as modified

*Charles E. Coulson,* Lake County Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Donald K. Pond, Jr.,* 5140 North High Street, Suite 101, Columbus, OH 43214 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Angelo F. Basile, appeals four July 6, 2021 Judgment Entries of the Lake County Court of Common Pleas sentencing him in four separate cases. The four cases were consolidated for purposes of appeal. For the reasons stated herein, the judgments are affirmed, modified, and affirmed as modified.

{¶2} The four cases underlying this appeal relate to: (1) an incident of domestic violence to which police responded and observed drug paraphernalia in plain view (Case

No. 21-CR-000700); (2) an incident of shoplifting, where a suspected marijuana pipe was found on appellant's person (Case No. 21-CR-000556); (3) an incident of appellant's arrest on an outstanding felony warrant during which police found methamphetamines on appellant's person (Case No. 21-CR-000528); and (4) an incident occurring in Lake County Jail, where appellant spit on a corrections office after he had been restrained for being verbally abusive and making threats (Case No. 21-CR-000574).  Numerous charges were filed; appellant initially pleaded not guilty to all counts.

{¶3}    In June 2021, defense counsel filed a motion for a competency evaluation in all four cases.  Defense counsel noted that she was having difficulty communicating with her client and had concerns regarding appellant's ability to assist in his defense.  The court granted the request, referred appellant to the court's psychologist, and set a hearing on the matter for the following month.

{¶4}    Before that hearing, the court held a change of plea hearing at which defense counsel withdrew the motion for a competency evaluation.  In support, she noted that she had been able to engage in several productive conversations with appellant, believed he was thinking clearly, and that appellant would enter a knowing, intelligent, and voluntary plea.  Appellant then formally withdrew his not guilty pleas, and pleaded guilty as follows:

{¶5}    In Case No. 21-CR-000700:

{¶6}    Count One, Possession of a Fentanyl-Related Compound, a felony of the fifth degree, in violation of R.C. 2925.11, and the related forfeiture specification; and

{¶7}    Count Four, Possession of Cocaine, a felony of the fifth degree, in violation of R.C. 2925.11, and the related forfeiture specification.

{¶8}    In Case No. 21-CR-000556:

2

{¶9} Count One, Possession of a Fentanyl-Related Compound, a felony of the fifth degree, in violation of R.C. 2925.11, and the related forfeiture specifications; and

{¶10} Count Three, Petty Theft, a misdemeanor of the first degree, in violation of R.C. 2913.02(A)(1), and the related forfeiture specifications.

{¶11} In Case No. 21-CR-000528:

{¶12} Count One, Aggravated Possession of Drugs, a felony of the fifth degree, in violation of R.C. 2925.11, and the related forfeiture specification.

{¶13} And in Case No. 21-CR-000574:

{¶14} Count One, Harassment with a Bodily Substance, a felony of the fifth degree, in violation of R.C. 2921.38(A).

{¶15} At the change of plea hearing, appellant waived a presentence-investigation report, and through counsel, requested the court modify bond to allow him to be released on his own recognizance pending sentence. The state opposed the request, and the trial court denied the same. Appellant waived a presentence-investigation report and requested that the court proceed directly to sentencing. In doing so, the court noted appellant had reformed his behavior in court, found appellant to be genuinely remorseful, and sentenced appellant as follows:

{¶16} In Case No. 21-CR-000700, eight months on each of Counts One and Four.

{¶17} In Case No. 21-CR-000556, seven months on Count One, and 90 days on Count Three.

{¶18} In Case No. 21-CR-000528, seven months on Count One.

{¶19} And in Case No. 21-CR-000574, ten months on Count One.

{¶20} The court ordered that the 90-day sentence be served concurrently, and all other sentences be served consecutively for a total aggregate sentence of 40 months.

3

Case Nos. 2021-L-080, 2021-L-081, 2021-L-082, 2021-L-083

**{¶21}** After the imposition of the sentence and court was adjourned, appellant verbally lashed out at the assistant prosecutor, deputies, court staff, and the trial judge, with profanities and accusations of dishonesty. In response, the trial judge returned to the bench, reconvened court, stated that the outburst demonstrated appellant was not genuinely remorseful, and increased the terms of imprisonment on each felony count to the maximum 12-month sentence. Accordingly, appellant's aggregated prison term was increased to 60 months.

**{¶22}** Appellant filed this timely appeal, raising two errors for our review. The first states:

**{¶23}** The trial court erred by failing to conduct a competency hearing, pursuant to Ohio R.C. 2945.37, after defense counsel raised the issue of appellant's competency prior to trial.

**{¶24}** "The conviction of a defendant who is not competent to enter a plea violates due process of law." *State v. Moore*, 8th Dist. Cuyahoga No. 108962, 2020-Ohio-3459, ¶31, citing *State v. Skatzes*, 104 Ohio St.3d 195, 2004-Ohio-6391, ¶155, citing *Drope v. Missouri*, 420 U.S. 162, 171 (1975) ("It has long been accepted that a person [who] lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial."), and *State v. Berry*, 72 Ohio St.3d 354, 359 (1995) ("Fundamental principles of due process require that a criminal defendant who is legally incompetent shall not be subjected to trial."). Whether due process requirements have been satisfied presents a question of law appellate courts review de novo. *Floyd's Legacy, LLC v. Ohio Liquor Control Commission*, 10th Dist. Franklin No. 19AP-704, 2020-Ohio-4074, ¶17.

4

Case Nos. 2021-L-080, 2021-L-081, 2021-L-082, 2021-L-083

**{¶25}** "The competence required to enter a guilty plea is the same as the competence required to stand trial." *Moore, supra. See also State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, ¶56. The defendant must have ""sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding"" and must have ""a rational as well as factual understanding of the proceedings against him."" *Id.*, quoting *Godinez v. Moran*, 509 U.S. 389, 396, 398-399 (1993), quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960).

**{¶26}** A defendant is presumed to be competent unless it is demonstrated by a preponderance of the evidence that the defendant is incapable of understanding the nature and objective of the proceedings against him or her or of assisting in his or her defense. R.C. 2945.37(G); *see also State v. Were*, 118 Ohio St.3d 448, 2008-Ohio-2762, ¶45 ("A defendant is presumed to be competent to stand trial, and the burden is on the defendant to prove by a preponderance of the evidence that he is not competent.").

**{¶27}** R.C. 2945.37(B) provides that "[i]f the issue [of competency] is raised before the trial has commenced, the court shall hold a hearing on the issue * * *." However, the Supreme Court of Ohio has held that "it is clear that the failure to hold a mandatory competency hearing is harmless error where the record fails to reveal sufficient indicia of incompetency." *State v. Bock*, 28 Ohio St.3d 108, 110 (1986).

**{¶28}** This court has previously noted the following factors to be relevant when considering whether there are sufficient indicia of incompetency: "'(1) doubts expressed by counsel as to defendant's competence; (2) evidence of irrational behavior; (3) the defendant's demeanor at trial; and (4) prior medical opinion relating to competence to

5

stand trial.'" *State v. Mattox,* 11th Dist. Ashtabula No. 2005-A-0053, 2006-Ohio-2937, ¶23, quoting *State v. Rubenstein,* 40 Ohio App.3d 57, 60-61 (8th Dist.1987).

{¶29} There is no evidence in the record of any prior medical opinion relating to competence to stand trial. Moreover, both appellant and his counsel stated that appellant was able to assist in his defense. The issue of appellant's competency was raised but later withdrawn. In withdrawing the request for a competency evaluation, appellant's defense counsel stated:

{¶30} DEFENSE COUNSEL: * * * I've had many conversations with [appellant] as these cases have progressed. But particularly this past week, and I think that he is thinking clearly. I think his pleas today will be a – his plea will be made knowingly, voluntarily, and intelligently. So with that said, Your Honor, it is my intention to withdraw the competency here today so we can proceed with those pleas * * *.

{¶31} THE COURT: [Appellant], do you understand the nature of the charges against you?

{¶32} APPELLANT: Yes, Your Honor.

{¶33} * * *

{¶34} DEFENSE COUNSEL: * * * Your Honor, I'll just say it for the record. Our concern was never that he didn't understand the nature of the charges. Our concern was always that second prong about his ability to assist his attorney. And [appellant] and I had a lot of conversations about that, and I think our conversations this week have been really productive. If I didn't feel that way, I wouldn't be withdrawing that request for a competency motion here today, You Honor.

{¶35} THE COURT: Alright. And do you agree with your attorney that you've been able to assist you in her, in you understanding the case and your options and your best course of action here?

{¶36} APPELLANT: Yes, Your Honor.

{¶37} THE COURT: Alright. Everything she said true?

{¶38} APPELLANT: Yes, Your Honor.

6

**{¶39}** The court went on to conduct a lengthy, thorough plea colloquy, in which the appellant politely and appropriately answered the questions posed to him and affirmed and demonstrated an understanding of the proceedings. The court then also asked:

**{¶40}** THE COURT: And you understand that the competency evaluation would not be done because the competency request for that evaluation has been withdrawn?

**{¶41}** APPELLANT: Yes.

**{¶42}** However, after he was sentenced, appellant engaged in angry and disruptive behavior, shouting profanities, accusing the assistant prosecutor of lying, and expressing dissatisfaction with the rulings of the court.

**{¶43}** "Incompetency must not be equated with mere mental or emotional instability or even with outright insanity. A defendant may be emotionally disturbed or even psychotic and still be capable or understanding the charges against him and of assisting his counsel." *Bock, supra. See also State v. Malcolm,* 8th Dist. Cuyahoga No. 50846, 1987 WL 19243, *7 (Oct.29, 1987); and *State v. Cowans,* 87 Ohio St.3d 68, 85 (1999).

**{¶44}** During appellant's outburst, he expressed his belief that the Assistant Prosecuting Attorney "reneged on a promise" to remain silent regarding bond and "lie[d]" about his criminal record for the purpose of undermining his request." Far from suggesting his incompetence, this further demonstrates that appellant understood the proceedings. Moreover, the record shows that appellant was capable, and in fact did, assist in his defense. Indeed, defense counsel acted at the request of appellant in waiving a presentence-investigation report and requesting immediate sentencing, as well as later

7

requesting defense counsel to withdraw the previously filed motion to reconsider the increased sentence.

{¶45} It is clear to this court that appellant's outbursts are not indicia of incompetency, but an inappropriate expression of his anger regarding the matter of bond, remaining incarcerated pending adjudication, and the length of his sentence. Thus, we find the failure to hold a competency hearing was harmless error.

{¶46} Thus, appellant's first assignment of error is without merit.

{¶47} His second states:

{¶48} The trial court erred by imposing an additional 20-month prison term following appellant's tirade in the courtroom shortly after the adjournment of the plea and sentencing hearing.

{¶49} Prior to sentencing, appellant expressed his remorse, stating:

{¶50} [APPELLANT:]  * * * You know, I know from the very beginning like my attorney said you know, I was frustrated and I have been. But besides drugs and mental issues I've always had a problem in my life, and that's you know, going things the wrong way, acting on impulse and anger. And it's kind of ironic that an officer actually was talking to me prior to me being released from discipline, and you know, I told him I was frustrated, you know, basically it came about by means of apologize-like hey man, you know, I don't want you to take it personal because normally I have a good relationship with the officers. They're pretty laid back there at that facility. And you know, I felt bad. Generally even to the guy that, the victim in the one case we're on pretty good terms. But what I'm trying to say is that the officer told me, he said you know, you can you know, the bond-there's always gonna be things you can't do anything about, this and that, but you know the way you're acting, you know, what did you do. And I thought about that, and I said you know, yeah, I went about it the wrong way. And I did. And I say that just to let you know my sincerity of the accepting responsibility aspect is that you know, I really understand that you know, at this age that you know, getting mad and frustrated and acting out like that is-you know, I want to be successful at one point in my life. And you know, that's definitely gonna hold me back. And that's it. I just want to let you know that, you know, based upon everything that you know, my sincerity level

8

is up there and you know, I do apologize to the victims in this case. [sic throughout.]

{¶51} In initially sentencing appellant, the court noted:

{¶52} THE COURT: * * * Defendant is genuinely remorseful. But for that remorse, I would have given you a maximum consecutive of sixty months. So it's primarily based upon remorse that I'm not giving you the maximum consecutive. * * *

{¶53} After the court adjourned, appellant immediately began an angrily verbal outburst. He continued to swear and express his frustration over the conversation of the court and his defense counsel. In response to appellant's tirade, the court reconvened and modified appellant's sentence, noting that it found appellant's remorse had not been genuine.

{¶54} The Supreme Court of Ohio has recently addressed a similar situation and held, "[i]f a defendant's outburst or other courtroom misbehavior causes a significant disruption that obstructs the administration of justice, that behavior may be punishable as contempt of court. *See* R.C. 2705.01. The behavior, however, may not result in an increased sentence for the underlying crime." *State v. Bryant*, Slip Opinion No. 2022-Ohio-1878, ¶1. In so finding, the Court determined that it was "clear from the timing and content of what was said that [defendant's] outburst was in reaction to the length of his prison sentence. Nothing more." *Id.* at ¶24. In other words, his reaction was not an indication of his lack of remorse, as the lower court found it to be.

{¶55} The Court continued, further clarifying that "a defendant's display of disrespect toward a trial court is not a permissible sentencing factor that the court may consider under R.C. 2929.11 and 2929.12." *Id.* at ¶32. As such, the Court's review of the matter, and likewise our review of the matter at bar, was not precluded by the Court's

9

Case Nos. 2021-L-080, 2021-L-081, 2021-L-082, 2021-L-083

ruling in *State v. Jones,* 163 Ohio St.3d 242, 2020-Ohio-6729, which held that an appellate court may not "independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id.,* at ¶42 and *Bryant, supra,* at ¶22. ("Nothing about [*Jones*] should be construed as prohibiting appellate review of a sentence when the claim is that the sentence was improperly imposed based on impermissible considerations-i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12.)

{¶56} Here, the state argues that *Bryant* is distinguishable from the facts at bar in that, unlike in *Bryant* in which the court increased the defendant's sentence "without a moment's reflection," the court in this case specifically noted prior to appellant's outburst that he would have handed down the maximum sentence had appellant not expressed remorse. The state also argues that appellant's comments were directed at the assistant prosecutor and deputies in the courtroom, not the trial judge, and thus, his reaction was to more than the trial court's rulings and an indication of lack of remorse. However, the record does not support this position.

{¶57} First, though the court here did previously acknowledge that if appellant had not expressed remorse, it would have handed down the maximum sentence, a court is bound by the R.C. 2929.11 and R.C. 2929.12 factors when deciding the length of a defendant's sentence. Thus, given the Supreme Court of Ohio's recent ruling, we must evaluate whether appellant's outburst indicated that his remorse was not genuine. In *Bryant,* the Court determined that an angry tirade directed at the court, replete with expletives and accusations of racism, and expressing dissatisfaction with the length of

10

his sentence, was not an indication of lack of remorse but an inappropriate expression of dissatisfaction with the court's ruling. In this way, we find the facts of this case to be closely analogous to those in *Bryant.*

{¶58} Appellant here directly addressed the court, stating, "I never got a bond. A hundred thousand. So if I was rich I could have got out, huh, Your Honor?" and "[g]ive me the max. I don't care." Appellant also yelled, "[y]ou all scammed me," "[the assistant prosecutor] told my lawyer to tell you if I plead guilty that she wouldn't say nothing about bond. She lied, man," and "[f]orty months for felony fives. * * * You guys are tyrants." Though his outburst was replete with expletives and threats directed at everyone around him, it is clear to this court that his anger stemmed from his sentence and the denial of his request for a bond modification. In light of the surrounding circumstances and the content of his outburst, we do not find his outburst to be an indication that his remorse was not sincere.

{¶59} Accordingly, the court's consideration of his outburst in modifying his sentence was an impermissible consideration outside of the R.C. 2929.11 and R.C. 2929.12 factors. Thus, appellant's conduct, while entirely inappropriate, was punishable as contempt of court, but not an increase in his underlying sentence, pursuant to *Bryant*, and the trial court erred in modifying appellant's sentence due to his outburst.

{¶60} Appellant's second assignment of error has merit.

{¶61} In light of the foregoing, the judgments of the Lake County Court of Common Pleas are affirmed as they relate to appellant's competency and reversed as to sentencing. Pursuant to R.C. 2953.08(G)(2)(b), we modify appellant's sentence to the originally imposed, aggregate, 40-month prison term that the trial court ordered prior to

11

increasing his sentence to 60 months. We affirm the judgments of the Lake County Court of Common Pleas as modified.

MARY JANE TRAPP, J.,

MATT LYNCH, J.

concur.