[Cite as *State v. Evans*, 2025-Ohio-801.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO,<br>CITY OF KENT, | CASE NO. 2024-P-0059 |
| Plaintiff-Appellee, | Criminal Appeal from the<br>Municipal Court, Kent Division |
| - vs - | |
| ROBERT L. EVANS, | Trial Court No. 2023 CRB 01165 K |
| Defendant-Appellant. | |

**O P I N I O N**

Decided: March 10, 2025
Judgment: Affirmed

*Connie J. Lewandowski*, Portage County Prosecutor, *Kristina K. Reilly*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Wesley C. Buchanan*, 50 South Main Street, Suite 625, Akron, OH 44308 (For Defendant-Appellant).

EUGENE A. LUCCI, J.

{¶1} Appellant, Robert L. Evans, appeals the judgment of the Portage County Municipal Court, Kent Division, convicting him of one count of Attempted Aggravated Menacing, a misdemeanor of the second degree. At issue is whether Mr. Evans' plea of guilty was entered knowingly, intelligently, and voluntarily; whether trial counsel was ineffective; and whether the trial court's sentence was valid and legal. We affirm.

{¶2} The events precipitating the underlying matter occurred as a result of Mr. Evans flashing a firearm from the window of his vehicle at other motorists in an apparent incident of "road rage." Mr. Evans was eventually charged with two counts of Aggravated

Menacing, misdemeanors of the first degree, both in violation of R.C. 2903.21(A); and one count of Violating a Protection Order, a misdemeanor of the first degree, in violation of R.C. 2919.27(A)(1). The matter was set for jury trial, but Mr. Evans withdrew his plea of "not guilty" and entered a plea of "guilty" to a reduced charge of Attempted Aggravated Menacing, a misdemeanor of the second degree, in violation of R.C. 2923.02. The trial court accepted Mr. Evans' plea of guilty and the original charges were dismissed.

{¶3} In August 2024, the trial court sentenced Mr. Evans to six months community control, a $200 fine, completion of an anger management course, and no contact with any victims. The trial court additionally ordered Mr. Evans to serve 90 days in county jail but suspended the jail term. Mr. Evans moved to stay the sentence in the trial court, pending appeal. The trial court granted the stay and this appeal follows.

{¶4} Mr. Evans assigns three errors for this court's review. The first asserts:

{¶5} "[Mr. Evans'] plea was not knowingly, intelligently, or voluntarily made."

{¶6} Under this assigned error, Mr. Evans claims his plea was forced because "[t]he trial court did not tell [him] about his right to be silent." We do not agree.

{¶7} Crim.R. 11 sets forth a trial court's obligations prior to accepting a plea in felony cases, misdemeanor cases involving serious offenses, and misdemeanor cases involving petty offenses. The information a trial court is required to provide a criminal defendant is different at each offense level. In this case, Crim.R. 11(C) is inapplicable because it provides the procedure a court must follow in accepting a plea in a felony case. Mr. Evans' case involves one misdemeanor.

{¶8} Under Crim.R. 2(D), a petty offense is "a misdemeanor other than a serious offense." A serious offense as defined in Crim.R. 2(C) is "any felony, and any

2

misdemeanor for which the penalty prescribed by law includes confinement for more than six months."

{¶9} In the present case, because the offense is Attempted Aggravated Menacing, a misdemeanor of the second degree, which carries a possible penalty of six months or less, it is considered a petty offense. *See* R.C. 2929.24(A)(2) (a misdemeanor of the second degree is subject to a penalty of not more than 90 days confinement).

{¶10} Crim.R. 11(E) prescribes the trial court's obligations in accepting a plea in a misdemeanor case involving a petty offense. That division states: "In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty."

{¶11} A trial court, under the instant circumstances, is required to inform the defendant only of the effect of the specific plea that is being entered. *State v. Jones*, 2007-Ohio-6093, ¶ 20. "In applying Crim.R. 11(E), this court has expressly held that its basic requirements are mandatory and that the failure to satisfy the requirements renders the plea of guilty invalid." *State v. Jones,* 1996 WL 648732, *2 (11th Dist. Oct. 18, 1996), citing *Mentor v. Carter,* 1994 WL 102394, *4 (11th Dist. Mar. 25, 1994).

{¶12} This court has additionally determined that when informing a defendant of the effect of a guilty plea, as required by Crim.R. 11(E), "the trial court should advise the defendant of his right to a trial by jury or to the court; the duty of the state to prove his guilt beyond a reasonable doubt if he were to go to trial; his right to cross-examine the witnesses against him; his right not to testify; and his right to subpoena any witness he

Case No. 2024-P-0059

may have in his own defense." *State v. Clark,* 2012-Ohio-3889, ¶ 13 (11th Dist.), citing *Carter,* at *2-3.

{¶13} Mr. Evans challenges the trial court's plea colloquy as it relates to his waiver of his right to remain silent. This argument is without basis.

{¶14} During the plea colloquy, the trial court engaged Mr. Evans in the following dialogue:

> THE COURT: And do you understand by proceeding with this plea of guilty to the amended charge that you would be waiving all of the rights on this written plea of guilty waiver of rights form?
>
> [Mr. Evans]: I do, your Honor.
>
> THE COURT: I know [your counsel] has gone over your rights with you in detail. I'm going to go over that with you just briefly. As I mentioned, you understand by proceeding with this plea of guilty to the amended charge you're waiving your right to have your case tried by a judge or jury?
>
> [Mr. Evans]: I do, your Honor.
>
> THE COURT: And do you understand you're waiving the right to cross-examine and confront witnesses who testify against you as well as use the Court's subpoena power to have witnesses testify on your behalf?
>
> [Mr. Evans]: I do, your Honor.
>
> THE COURT: *Do you understand the State of Ohio can't make you testify against yourself?*
>
> [Mr. Evans]: *I do.*
>
> THE COURT: Do you also understand by entering this plea of guilty you're waiving your right to require the State of Ohio prove your guilt beyond a reasonable doubt?
>
> [Mr. Evans]: I do, your Honor.

4

THE COURT: Do you understand by entering a plea of guilty it's a complete admission to the truth of the facts in the complaint?

[Mr. Evans]: I do.

THE COURT: Do you understand you would be waiving your right to appeal?

[Mr. Evans]: I do, your Honor.

THE COURT: Did anybody force you or coerce you into accepting this plea?

[Mr. Evans]: No, your Honor.

THE COURT: You're doing so voluntarily?

[Mr. Evans]: Yes.

THE COURT: Are you satisfied with the representation of your attorney, sir?

[Mr. Evans]: Yes, I am.

(Emphasis added.)

{¶15} The trial court determined it was satisfied with Mr. Evans' waiver and accepted the same.

{¶16} It is beyond cavil that the trial court advised Mr. Evans that, by pleading guilty to the amended charge, he was waiving his right *not* to testify against himself, i.e., waiving "his right to remain silent." Moreover, the trial court thoroughly advised Mr. Evans of the remaining constitutional rights he was waiving by entering his plea. We accordingly conclude the trial court did not err in finding Mr. Evans' plea of guilty was entered knowingly, intelligently, and voluntarily. Mr. Evans' plea of guilty is therefore valid.

{¶17} The first assigned error lacks merit.

{¶18} Mr. Evans' second assignment of error provides:

5

{¶19} "[Mr. Evans] received ineffective assistance of counsel when entering his plea."

{¶20} Under his second assignment of error, Mr. Evans claims he received ineffective assistance because he was not fully informed by defense counsel of the consequences of his plea of guilty. Specifically, he maintains trial counsel did not inform him that the plea could function to enhance any future allegation on the same offense; trial counsel failed to inform him that his plea might affect his ability to possess firearms; and that counsel failed to apprise him that he would be waiving his right to remain silent.

{¶21} To demonstrate ineffective assistance of counsel, a defendant must prove "(1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding." *State v. Madrigal*, 87 Ohio St.3d 378, 388-389, 2000-Ohio-448, citing *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984).

{¶22} First, Mr. Evans' last argument is without merit by virtue of our disposition of the first assigned error. Specifically, the trial court advised him that by not going to trial, he was waiving the right to prevent the State from requiring him to testify against himself. That advisement was sufficient to overcome any alleged ineffectiveness argument.

{¶23} Moreover, and regardless of this point, each of Mr. Evans' arguments requires reference to matters outside of the record. Resolving these issues would require complete speculation. Nothing in the record reflects the nature of counsel's advice as it related to Mr. Evans' decision to enter the guilty plea. "Establishing that would require proof outside the record, such as affidavits demonstrating the probable testimony. Such

6

a claim is not appropriately considered on a direct appeal." *State v. Hartman*, 93 Ohio St.3d 274, 299, 2001-Ohio-1580, citing *Madrigal* at 390-391*.* Mr. Evans' claims of ineffective assistance of trial counsel are therefore not properly before this court.

**{¶24}** The second assignment of error lacks merit.

**{¶25}** Mr. Evans' third assignment of error asserts:

**{¶26}** "[Mr. Evans] was sentenced contrary to law."

**{¶27}** Under his final assignment of error, Mr. Evans asserts the trial court failed to consider the purposes and principles of sentencing under R.C. 2929.11 and R.C. 2929.12. He asserts the trial court failed to take into consideration his vocation, the unlikeliness of the event re-occurring, the length between the instant conviction and his previous criminal history, and his charitable work with the community. We discern no basis for his argument.

**{¶28}** Initially, R.C. 2929.11 and R.C. 2929.12 apply to felony, not misdemeanor sentences. Still, R.C. 2929.21(A) sets forth similar overriding purposes and principles for misdemeanor sentencing. That subsection provides that a court imposing a misdemeanor sentence "shall be guided by the overriding purposes of misdemeanor sentencing . . . to protect the public from future crime by the offender and others and to punish the offender." The sentencing court "shall consider the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public." R.C. 2929.21(A).

**{¶29}** Further, R.C. 2929.22(B)(1) lists factors that must be considered in pronouncing sentence in a misdemeanor case. Those factors provide:

7

Case No. 2024-P-0059

(a)     The nature and circumstances of the offense or offenses;

(b)     Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;

(c)     Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;

(d)     Whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious;

(e)      Whether the offender is likely to commit future crimes in general, . . .;

(f)     Whether the offender has an emotional, mental, or physical condition that is traceable to the offender's service in the armed forces of the United States and that was a contributing factor in the offender's commission of the offense or offenses;

(g)     The offender's military service record.

{¶30} The record of the sentencing hearing demonstrates that the trial court considered Mr. Evans' "very, very lengthy criminal history with some very serious offenses." The presentence investigation report ("PSI") supported this finding. The trial court also considered that the offenses were committed "many, many years ago." Again, the PSI supported the trial court's observations which could arguably ameliorate the potentially problematic nature of Mr. Evans' past criminal acts.

8

**{¶31}** The trial court also considered Mr. Evans' charity work within the community. This work involved helping "at-risk" youth involved in the juvenile-justice system and assistimg the subjects in avoiding future recidivistic behavior. The trial court recognized this point and noted Mr. Evans, via his charity work, has attempted to help others make positive choices and move forward with their lives in a productive way. The trial court, however, commented that it was "struggling here because [he knew] better" in light of his purported community work.

**{¶32}** The record reflects Mr. Evans works as a full-time truck driver for a company he owns. In relation to this point, the trial court also gave Mr. Evans the ability to travel outside the State of Ohio for occupational purposes.

**{¶33}** In effect, the trial court expressly considered most of the matters Mr. Evans asserts the trial court failed to weigh.

**{¶34}** "[W]hen a misdemeanor sentence is imposed within the statutory limits, a reviewing court will presume that the judge followed the statutes, absent evidence to the contrary." (Citations omitted.) *State v. Coll*, 2017-Ohio-7270, ¶ 23 (6th Dist.); *see also State v. Best*, 2009-Ohio-6806, ¶ 14 (7th Dist.); *State v. Jones*, 2015-Ohio-490, ¶ 20 (1st Dist.); *Toledo v. Reasonover*, 5 Ohio St.2d 22 (1965), paragraph one of the syllabus. Consistent with this point of law, "the mere failure to evince consideration of the misdemeanor sentencing factors in the sentencing entry is not a legal error." *State v. Nuby*, 2016-Ohio-8157, ¶ 17 (7th Dist.). Misdemeanor sentencing lies within the discretion of the trial court and will not be disturbed absent an abuse of discretion. *Conneaut v. Peaspanen*, 2005-Ohio-4658, ¶ 18 (11th Dist.)

**{¶35}** The trial court considered the relevant sentencing factors and, in light of the foregoing, ordered a relatively lenient sentence. The trial court fined Mr. Evans $200 and gave him six months to pay the fine. It also ordered him to serve 90-days in jail and suspended the entirety of the incarceration. Mr. Evans was placed on supervised probation for six months and ordered to attend anger management assessment and follow all recommendations.

**{¶36}** The sentence was within the statutory limits and we discern nothing unreasonable in the trial court's decision to enter its sentence.

**{¶37}** Mr. Evans' final assignment of error lacks merit.

**{¶38}** For the reasons discussed in this opinion, the judgment of the Portage County Municipal Court, Kent Division, is affirmed.

MATT LYNCH, J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2024-P-0059