[Cite as *State v. Bishop*, 2025-Ohio-1784.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

STATE OF OHIO,

      Plaintiff-Appellee,

- vs -

DIANA RACHELLE BISHOP,

      Defendant-Appellant.

CASE NO. 2024-A-0106

Criminal Appeal from the
County Court, Eastern District

Trial Court No. 2024 CRB 00159 E

---

## OPINION AND JUDGMENT ENTRY

Decided: May 19, 2025
Judgment: Affirmed

---

*April R. Grabman*, Ashtabula County Prosecutor, and *Dane R. Hixon*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Gregory T. Stralka*, 6509 Brecksville Road, P.O. Box 31776, Cleveland, OH 44131 (For Defendant-Appellant).

SCOTT LYNCH, J.

{¶1} Defendant-appellant, Diana Rachelle Bishop, appeals from her conviction for Menacing by Stalking in the Ashtabula County Court, Eastern District. For the following reasons, we affirm the judgment of the lower court.

{¶2} On June 10, 2024, a complaint was filed, charging Bishop with Menacing by Stalking, a misdemeanor of the first degree, in violation of R.C. 2903.211(A)(2)(a) and a warrant was subsequently issued.

{¶3} On November 15, 2024, a plea hearing was held. The State indicated that it would dismiss an Assault charge in another case in exchange for a plea to Menacing by Stalking. In discussing its sentencing recommendation, the State also indicated it

would "ask for a mental health evaluation of the Defendant just based on the fact that this seemed to be . . . the culmination of a series of events where . . . the Defendant seems to have not been able to . . . let go of a past relationship between" herself and the victim. The court then told Bishop, "I don't like your body language," and asked her to sit up straight, "quit giving the attitude," and stop chewing gum. The following exchange also occurred:

> DEFENSE COUNSEL: You need to look at the Judge when he's talking to you; okay? Please.
>
> THE COURT: Didn't I say to sit up straight in your chair? Look up here.
>
> DEFENSE COUNSEL: Just please pay attention.
>
> THE COURT: Okay. Don't - - keep defying me. Go ahead. Keep defying me.

{¶4} Defense counsel indicated that she had reviewed Bishop's constitutional rights with her and Bishop understood what it means to enter a guilty plea. Bishop entered a plea of guilty to Menacing by Stalking. The court accepted the guilty plea, found that it was entered knowingly, and dismissed the Assault charge. Following the entry of the plea, defense counsel indicated that Bishop had already completed a mental health evaluation at Signature Health. After allowing the victim to speak, the court ordered that a sentencing date be set to give the prosecutor additional time to speak with the victim.

{¶5} On December 16, 2024, a sentencing hearing was held. During the hearing, the following exchange occurred:

> THE COURT: Has your client had a mental health assessment?
>
> DEFENSE COUNSEL: Yes, Your Honor. She did complete a mental health assessment and has been working with Signature Health. I believe she completed that assessment back on November 15th, if I'm not mistaken, of this year.
>
> THE COURT: Was that the order of this Court?

DEFENDANT: It was prior to the order of the Court. . . . It was done prior to my court date with you last month.

. . .

THE COURT: Is there follow-up?

DEFENSE COUNSEL: Yes. She continues with . . . therapy twice a month.

The victim indicated that Bishop had followed and watched her family and placed a GPS tracker on her vehicle. The court found that the case involved "one of the most egregious forms of menacing by stalking" and ordered Bishop to serve 180 days in jail, with 60 days suspended.

{¶6} Bishop timely appeals and raises the following assignment of error:

{¶7} "The trial court erred when it accepted Appellant's guilty plea without first determining whether the Appellant had a mental condition that impacted her ability to understand the consequences of her plea."

{¶8} Bishop argues that "once it was discovered that Appellant had a mental health condition, and was also e[n]gaged in treatment with Signature Health, the trial court was then obligated to make an additional inquiry necessary to determine Appellant's mental state and whether she could enter a change of plea." She argues that, given her behavior in the courtroom and disclosure that she was receiving counseling, the court should have determined whether this interfered with her ability to knowingly enter a plea.

{¶9} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional." *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). "The best way to ensure that pleas are entered knowingly and voluntarily is to simply follow the requirements of Crim.R. 11 when deciding whether to accept a plea

agreement." *State v. Clark*, 2008-Ohio-3748, ¶ 29. "This court reviews de novo whether the trial court accepted a plea in compliance with Crim. R. 11." *State v Willard*, 2021-Ohio-2552, ¶ 51 (11th Dist.).

**{¶10}** "Crim.R. 11 sets forth a trial court's obligations prior to accepting a plea in felony cases, misdemeanor cases involving serious offenses, and misdemeanor cases involving petty offenses. The information a trial court is required to provide a criminal defendant is different at each offense level." *State v. Evans*, 2025-Ohio-801, ¶ 7 (11th Dist.). While Bishop cites Crim.R. 11(C)(2) in support of her argument, this section relates to advisements in felony matters which are inapplicable to misdemeanor offenses. *Id.* In the present case, Bishop was convicted of Menacing by Stalking, a misdemeanor of the first degree. Pursuant to Crim.R. 2(D), a petty offense "means a misdemeanor other than a serious offense," which is a felony or a "misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Crim.R. 2(C). Menacing by Stalking is a petty offense since it is punishable by up to 180 days of incarceration under R.C. 2929.24(A)(1).

**{¶11}** "Crim.R. 11(E) prescribes the trial court's obligations in accepting a plea in a misdemeanor case involving a petty offense." *Evans* at ¶ 10. "In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty." Crim.R. 11(E).

**{¶12}** Regardless of the applicability of particular sections of Crim.R. 11, a guilty plea entered where a defendant is incompetent is not entered knowingly, intelligently, and voluntarily. *See State v. Miller*, 2017-Ohio-7091, ¶ 12 (8th Dist.) ("[i]t is impossible to determine whether [the defendant] entered his guilty pleas knowingly, intelligently, and

voluntarily without knowing if he was competent at the time he entered them"); *State v. Creech*, 2024-Ohio-5245, ¶ 45 (12th Dist.) (a defendant could not knowingly and intelligently waive rights where he had been deemed incompetent since he was unable to understand the proceedings).

{¶13} "Fundamental principles of due process require that a criminal defendant who is legally incompetent shall not be subjected to trial." *State v. Berry*, 72 Ohio St.3d 354, 359 (1995). "The constitutional standard for assessing a defendant's competency to enter a guilty plea is the same as that for determining his competency to stand trial." *State v. Nickoson*, 2023-Ohio-3755, ¶ 15 (11th Dist.), citing *State v. Montgomery*, 2016-Ohio-5487, ¶ 56. The defendant must have a "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402 (1960); *State v. Johnson*, 2017-Ohio-2931, ¶ 14 (11th Dist.).

{¶14} "Criminal defendants are presumed to be competent to . . . enter a plea." *State v. Wise*, 2012-Ohio-4896, ¶ 21 (11th Dist.). "[A]n appellant bears the burden of demonstrating that he is incompetent." *State v. Boyce*, 2007-Ohio-4379, ¶ 18 (11th Dist.). "This presumption is rebutted if the defendant shows he is unable to understand the proceedings or assist in his or her defense." (Citation omitted.) *Wise* at ¶ 21.

{¶15} As an initial matter, we observe that no hearing was requested on the issue of competency. This court has held that, although a hearing is not mandatory where the issue of competency is not directly raised prior to trial, a court should sua sponte refer a defendant for a competency evaluation if there are "sufficient indicia" to indicate incompetency. *State v. Hackathorn*, 2004-Ohio-6694, ¶ 20, 24-25 (11th Dist.); *State v. Lawson*, 2021-Ohio-3566, ¶ 48 ("a competency determination is necessary only when a

court has reason to doubt the defendant's competence") (citation omitted.). This court has considered the following factors as relevant to determine sufficient indicia of incompetency: "(1) doubts expressed by counsel as to defendant's competence; (2) evidence of irrational behavior; (3) the defendant's demeanor at trial; and (4) prior medical opinion relating to competence to stand trial." (Citations omitted.) *State v. Basile*, 2022-Ohio-3372, ¶ 28 (11th Dist.).

{¶16} In relation to indicia of incompetency, in the present matter, there were no medical reports of Bishop's incompetence and defense counsel did not express concerns as to her competence. The court, in interacting with Bishop and accepting her plea, did not find it necessary to conduct a hearing on her competency. *See Nickoson*, 2023-Ohio-3755, at ¶ 18 (11th Dist.) ("the trial court was in the best position to observe appellant's demeanor and was able to personally address him").

{¶17} Bishop's primary argument is that, upon being informed that she was receiving mental health services, the court should have conducted a further inquiry into her competence. In support of this argument, she cites *State v. Mink*, 2004-Ohio-1580. In *Mink*, the Ohio Supreme Court held that "[a]dditional inquiry is necessary into a defendant's mental state once a defendant seeking to enter a guilty plea has stated that he is under the influence of drugs or medication." (Citations omitted.) *Mink* at ¶ 66. The Ohio Supreme Court clarified that *Mink* does not require a competency hearing in every instance where a defendant is taking medication if the record does not otherwise show he failed to understand the proceedings and he was able to answer the court's questions and consult with counsel. *Montgomery*, 2016-Ohio-5487, at ¶ 54-57.

{¶18} There was no indication Bishop was taking prescription medication but instead evidence that she was receiving "therapy." However, the statement regarding

Case No. 2024-A-0106

therapy was made after she had already entered her guilty plea. The only statement regarding mental health issues before the plea was taken was that the State requested a mental health evaluation due to Bishop's conduct in committing the offense. Nonetheless, *Mink* does not speak to requirements for inquiries under circumstances involving mental health therapy, where there are not the same concerns that a defendant was on a potentially mind-altering substance that impacted her ability to enter a plea competently. Further, defense counsel indicated that she had reviewed Bishop's constitutional rights with her and Bishop understood what it means to enter a guilty plea. *See Lawson*, 2021-Ohio-3566, at ¶ 62-64 (11th Dist.) (observing that defense counsel is in a position to evaluate his client's comprehension of proceedings). We do not find sufficient indicia of incompetence to warrant further inquiry in this matter. Even presuming that the statements regarding therapy made at the sentencing hearing were relevant to determining whether she was competent when she entered her plea, counseling for mental health concerns can relate to a multitude of issues, such as depression, which may have no impact on competency. Without any further indication of how this impacted her competency, we do not find the record required further investigation. *See Wise*, 2012-Ohio-4896, at ¶ 23 (11th Dist.) (a defendant was not shown to be incompetent where no evidence demonstrated how a suicide attempt impacted his competency); *State v. Zeigler*, 2024-Ohio-2953, ¶ 20 (11th Dist.) (mental illness alone does not render a defendant incompetent).

{¶19} Bishop's counsel argues that her conduct in the courtroom prior to entering the plea also raised competency concerns. From the exchanges outlined above, it appears Bishop was not sitting up straight in the courtroom, was chewing gum, and had an attitude that was viewed unfavorably by the court. These behaviors alone do not show

Case No. 2024-A-0106

incompetence but may simply indicate a lack of respect for authority or resentment for facing criminal charges relating to her conduct. *See Basile*, 2022-Ohio-3372, ¶ 44-45 (11th Dist.) (outbursts in court expressing anger relating to the proceedings do not demonstrate incompetence). "Incompetency must not be equated with mere mental or emotional instability." (Citation omitted.) *Zeigler* at ¶ 19.

{¶20} The record does indicate that, in discussing a recommended sentence, the State requested a mental health evaluation given Bishop's behavior of continued harassment of the victim but it does not demonstrate that her evaluation resulted in evidence of incompetence. The State did not indicate it made this request for the purpose of determining competency to enter a plea but, rather, appeared to make such request as part of preventing further incidents with the victim. The fact that Bishop committed criminal conduct in harassing the victim does not alone render her incompetent. If that were the case, all defendants would have their competency questioned by virtue of simply committing a crime. For these reasons, we find no error in the failure to inquire further into Bishop's competency.

{¶21} The sole assignment of error is without merit.

{¶22} For the foregoing reasons, the judgment of the Ashtabula County Court, Eastern District, is affirmed. Costs to be taxed against the appellant.


MATT LYNCH, J.,

EUGENE A. LUCCI, J.,

concur.

Case No. 2024-A-0106

## JUDGMENT ENTRY

For the reasons stated in the Opinion of this court, the assignment of error is without merit. The order of this court is that the judgment of the Ashtabula County Court, Eastern District, is affirmed.

Costs to be taxed against the appellant.

JUDGE SCOTT LYNCH

JUDGE MATT LYNCH,
concurs

JUDGE EUGENE A. LUCCI,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2024-A-0106